***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 23, affirmed June 22, petition for review denied August 31, 2023

(371 Or 332)

In the Matter of R. L. L.,
aka R. L., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. P. K.,
*Appellant.*

Lane County Circuit Court
20JU07082; A179774 (Control)

In the Matter of B. L. L.,
aka B. L., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. P. K.,
*Appellant.*

Lane County Circuit Court
20JU07083; A179775

Bradley A. Cascagnette, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Kamins, Judge, and Hadlock, Judge pro tempore.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this consolidated juvenile dependency case, mother appeals the juvenile court's judgments changing her two children's permanency plans from reunification to adoption. In four assignments of error, mother argues that the juvenile court erred in determining that she had made insufficient progress in ameliorating the jurisdictional bases. *See* ORS 419B.476(2)(a) (to change a plan of reunification, the juvenile court must determine that the Department of Human Services has made reasonable efforts and that the parent has not made sufficient progress to make it possible for the ward to safely return home). We "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the juvenile court's change to the permanency plan." *Dept. of Human Services v. S. M. H.*, 283 Or App 295, 297, 388 P3d 1204 (2017) (internal quotation marks omitted).

We conclude that the record is legally sufficient to permit the juvenile court to determine that mother had made insufficient progress in gaining "the parenting skills [and] knowledge necessary to safely parent" her children. The evidence, which includes psychological reports, expert testimony, and testimony from both children, supports the trial court's conclusion that to adequately meet their needs, mother would need to acknowledge the extent of the trauma that they experienced at the hands of her former partner and take responsibility for failing to act protectively despite knowing about his abuse. *See Dept. of Human Services v. C. W.*, 312 Or App 572, 581, 493 P3d 74 (2021) ("The 'paramount concern' in ORS 419B.476 is the 'health and safety' of the child."). The record further supports the juvenile court's conclusions that mother had been unable to achieve that and was unlikely to do so within a reasonable time. As a result, the juvenile court's determination, that mother had not made sufficient progress to reunify with her children within a reasonable time, was legally permissible.

Affirmed.